IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **THOMAS LEIGH,** | **Case No.:** |
| **PLAINTIFFS,** | |
| vs. | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND KIMBALL, TIREY & ST. JOHN, LLP,** | **JURY TRIAL DEMAND** |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, THOMAS LEIGH, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Western District of Texas, Travis Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in City of Austin, Travis County, Texas.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Texas;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Texas;

    c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Texas; and

    d. Kimball, Tirey & St. John, LLP ("KTS") is a foreign limited liability partnership that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. KTS is inaccurately reporting an account opened March 2021 with a balance of $27,299.00 ("False Tradeline") on Plaintiffs' Equifax, Trans Union, and Experian (the "CRAs") credit disclosures.

7. The account reflected by the False Tradeline does not belong to Plaintiff as he is a victim of identity theft.

8. On or about July 11, 2021, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed the False Tradeline reporting.

9. On July 13, 2021, Plaintiff filed a police report with the Austin Police Department regarding the identity theft.

10. On or about July 14, 2021, Plaintiff obtained his Experian credit disclosure and noticed the False Tradeline reporting.

11. On September 24, 2021, Plaintiff, through his attorney of record, Credit Repair Lawyers of America, submitted a letter to the CRAs disputing the False Tradeline.

12. In his dispute letters, Plaintiff explained the account reflected by the False Tradeline does not belong to him as he is a victim of identity theft. He attached a copy of the police report and asked the CRAs to delete the False Tradeline.

13. The CRAs forwarded Plaintiff's consumer dispute to KTS.

14. KTS received Plaintiff's consumer dispute from the CRAs.

15. On November 15, 2021, Plaintiff obtained his credit disclosure from Equifax which showed that Equifax and KTS failed or refused to delete the False Tradeline.

16. On November 9, 2021, Plaintiff obtained his credit disclosure from Experian which showed that Experian and KTS failed or refused to delete the False Tradeline.

17. On November 11, 2021, Plaintiff obtained his Trans Union credit disclosure which showed that Trans Union and KTS failed or refused to delete the False Tradeline.

18. The False Tradeline is false and misleading to any user of the Plaintiff's credit reports who would consider extending credit to the Plaintiff. The false Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have obligations on a debt when in fact there are no obligations. This causes the Plaintiff damages by reducing the Plaintiff's opportunities for credit and employment. Thae false Tradeline also causes damage by negatively impacting Plaintiff's credit score.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, humiliation, embarrassment, and anxiety due to Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

# COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY KIMBALL, TIREY & ST. JOHN, LLP**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by the CRAs of Plaintiff's consumer dispute of the False Tradeline, KTS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. KTS negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the fraudulent account.

23. The False Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with the CRAs to which it is reporting such tradeline.

24. As a direct and proximate cause of KTS' negligent failure to perform its duties under the FCRA, to correct the False Tradeline, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. KTS' is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against KTS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant KTS for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY KIMBALL, TIREY & ST. JOHN, LLP

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, KTS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct the CRAs to delete the fraudulent account.

29. KTS willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of KTS' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. KTS is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants him a judgment against the Defendant KTS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grants him a judgment against Defendant Equifax for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

50. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grants him a judgment against Defendant Trans Union for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

57. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

64. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grants him a judgment against Defendant Experian for damages, costs, interest, and attorneys' fees.

## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

71. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 30, 2021

                                      By:*/s/ Michael B. Halla*
                                          Michael B. Halla, Esq.
                                          Attorney at Law
                                          Texas State Bar No. 00793128
                                          187 Rolling Court,

Lancaster, Texas 75146
Telephone: (469) 518.0872
Facsimile:  (214) 540.9333
email: mhalla@hallalawfirm.com

*Attorneys for Plaintiff,*
*Thomas Leigh*